IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MONIQUE DESORMEAUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-196 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff; | ) | |
| KIMBERLY FONTENOT, Officer; | ) | |
| SUZETTE MYERS, Officer; | ) | |
| JASMINE DAWSON, Officer; | ) | |
| JANE DOES 1-5; | ) | |
| JOHN DOES 1-2; and | ) | |
| THOMAS CLICK, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, formerly a pretrial detainee at Charles B. Webster Detention Center in Richmond County, Georgia, filed this case pursuant to 42 U.S.C. § 1983. She is proceeding *pro se* and *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    AMENDED COMPLAINT ALLEGATIONS**

Taking all allegations as true, as one must for screening, the facts are as follows. The Complaint, filed on August 25, 2025, names as the sole defendant the Richmond County Sheriff's Office and alleges unidentified correctional officers violated Plaintiff's constitutional rights during a period of pretrial detention that began on July 24, 2023, and ended on August

26, 2023. (Comp., doc. no. 1.) Plaintiff alleges: (1) temporary placement of unspecified duration in a holding cell flooded with water; (2) excessive force; (3) failure to intervene during two inmate assaults; (4) solitary confinement in an unsanitary cell with no breaks and no access to running water, a functional toilet, or mattress; (5) denial of access to a telephone, the prison grievance system, writing instruments, and paper; and (6) denial of medical care. (Id.) The Complaint contains no names and, instead, repeatedly makes vague references to correctional officers in allegations that are sweeping and bereft of any details such as date, location, and context. (Id.)

By Order dated September 4, 2025, the Court (1) explained the Richmond County Sheriff's Department is not a person who can be sued in a § 1983 action; (2) explained vicarious liability is inapplicable to § 1983 actions, such that a plaintiff must plead each government-official defendant, through the official's own individual actions, has violated the Constitution; and (3) required Plaintiff to amend her complaint to fix these deficiencies within fourteen days. (Doc. no. 4.) Plaintiff complied by filing the Amended Complaint. (Am. Compl., doc. no. 5.)

The Amended Complaint, filed on September 18, 2025, drops the Richmond County Sheriff's Office as a defendant and adds Defendants Sheriff Richard Roundtree, Officer Kimberly Fontenot, Officer Suzette Myers, Officer Jasmine Dawson, Officer Thomas Click, Jane Does 1 to 5, and John Does 1 to 2. (Id.) Plaintiff changed by one day the period of pretrial detention to the dates of July 25, 2023 to August 25, 2023, but she later alleges an assault on August 26, 2023. Utilizing the same vague style as the Complaint, the Amended Complaint alleges most generally: (1) Defendants Myers and Fontenot "allowed Plaintiff to be assaulted by two inmates" on an unspecified date "without any intervention," and Defendant Dawson failed to intervene during an assault on August 26, 2023; (2) unspecified officers placed Plaintiff in solitary

confinement during an unspecified period of time, Plaintiff was allowed only one ten-minute break from this confinement, and Defendants Fontenot and Myers, along with Janes Does 1 and 2, offered "no explanation" for the absence of any other breaks; (3) Defendant Click "ignored Plaintiff's requests to speak with him on numerous occasions;" and (4) Defendant Fontenot ignored Plaintiff's request for transport to the medical unit for treatment of a concussion. Referencing only John and Jane Doe defendants, Plaintiff also complains about placement in a flooded holding cell, excessive force, and refusal of her requests for incontinence pads. Using the legal buzzwords with no further explanation, Plaintiff alleges Sheriff Roundtree is liable because he supervises the jail and because he failed to train, supervise, and discipline the remaining defendants. (Am. Compl. ¶¶ 1, 2, 4, 22, 26, 27; see also Counts II and III at ¶¶ 48-62.)

## II.   DISCUSSION

### A.   Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.   The Case Should Be Dismissed as Time-Barred

Dismissal is necessary because Plaintiff filed the Complaint at the expiration of the two-year statute of limitations, and the Amended Complaint filed three weeks later, which adds an entirely new set of defendants, does not relate back to the original filing date. State law controls the length of the limitations period in § 1983 actions. Chapman v. Dunn, 129 F.4th 1307, 1315 (11th Cir. 2025); Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Richards v. Cobb Cnty., Ga., 487 F. App'x 556, 557

(11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.  Although state law determines the statute of limitations for claims under § 1983, federal law determines the date of accrual.  See Chapman, 129 F.4th at 1315 (citing Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996)).  Under § 1983, a claim accrues "once the plaintiff knows or should know 'the injury that forms the basis of [his] complaint,' as well as who caused that injury."  Id. at 1316 (citing Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (*per curiam*)); see also Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*).

Here, the claims accrued at the time of the alleged constitutional violations because the Amended Complaint makes it clear Plaintiff knew or should have known of her injuries and who caused them.  While Plaintiff does not specify dates of the violations, her period of pretrial detention ended when she was released on August 25 or August 26, 2023, which means the two-year limitations period expired no later than August 27, 2025.  While Plaintiff filed the Complaint one or two days before the limitations period expired, she filed the Amended Complaint three weeks later.  Because the Amended Complaint drops the sheriff's department as a defendant and adds an entirely new set of defendants, all claims asserted in the Amended Complaint are time-barred unless they relate back to the filing of the original complaint under Fed. R. Civ. P. 15(c).  They do not.

Rule 15(c) provides as follows:

**c) Relation Back of Amendments.**
(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out-- in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within

5

>   the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The Amended Complaint does not relate back because its substitution of an entirely new set of defendants does not constitute a "mistake concerning the proper party's identity," as required by subsection (c)(1)(C)(ii).  The Eleventh Circuit has explained that Rule15(c) allows relation back only when the amended complaint corrects a mistake concerning the identity of an existing defendant and the effect is merely to correct the name under which he is sued.  Powers v. Graff, 148 F.3d 1223, 1226–28 (11th Cir. 1998).  In other words, a defendant who is not added until after the statute of limitations has run "is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were."  Id. at 1227 (quoting Rendall–Speranza v. Nassim, 107 F.3d 913, 918 (D.C.Cir.1997)).  This is because the rule's limited purpose is to allow relation back "to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.'"  Wayne v. Jarvis, 197 F.3d 1098, 1103–04 (11th Cir. 1999) (quoting Fed R. Civ. P. 15(c)(3), Advisory Committee Notes to 1991 Amendment), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003).

As explained in Wayne, there is no relation back when the plaintiff lacks knowledge of a defendant's identity until after the limitations period expires because this is not "a mistake concerning the identity of the proper party."  Id.  Likewise, as explained in Powers, there is no relation back when a plaintiff knows a defendant's identity but fails to understand the defendant's liability exposure until after expiration of the limitations period because "[n]othing in the Rule or in the Notes indicates that the provision applies to a plaintiff who was fully

6

aware of the potential defendant's identity but not of its responsibility for the harm alleged." Powers, 148 F.3d at 1228.

Applying this framework here, there is no set of facts or legal arguments that would allow relation back. The Amended Complaint's wholesale replacement of the sheriff's department with a slate of individual defendants cannot, in any sense, be construed as a misnomer, misidentification, or mere slip of the pen. Plaintiff filed the Complaint on the last, or next to last, day of the limitations period, believing the sheriff's department was the proper defendant rather than the individual defendants. When the Court explained otherwise, Plaintiff filed the Amended Complaint to correct her legal mistake. However, as clearly held by the Eleventh Circuit in Powers, failing to understand a defendant's potential liability for its actions is not a mistake that allows relations back under Rule 15(c). 148 F.3d at 1226–28. Even if Plaintiff, instead, did not know of the individual defendants' names until filing the Amended Complaint, her attempt to correct a lack of knowledge, does not qualify for relation back as held in Wayne, 197 F.3d at 1103-04. Plaintiff's pro se status does not excuse the untimeliness. See id. at 1104.

For these reasons, Plaintiff's § 1983 claims are time-barred and should be dismissed. See also Tolston v. City of Atlanta, 723 F.Supp.3d 1263, 1293-94 (N.D. Ga. 2024) (holding amendment adding defendant did not relate back because lack of knowledge of defendant's identity is not mistake for purposes of Rule 15(c)), appeal filed No. 24-11001 (11th Cir. Apr. 1, 2024).

    **C.**    **Even if Plaintiff's Claims Are Not Time-Barred, Which They Are, the Amended Complaint Should Be Dismissed for Failing to State a Claim**

The Amended Complaint is subject to dismissal even if it is not time-barred for a multitude of reasons. First, Plaintiff lists seven John and Jane Doe defendants, and "fictitious-

party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). While Richardson recognizes an exception when a complaint's description of a defendant is highly specific, Plaintiff's generic descriptions do not satisfy this high bar, and all claims against John and Jane Doe defendants should be dismissed.

Second, Plaintiff alleges no specific acts or omissions by Sheriff Roundtree but instead merely uses the talismanic, liability hook phrases of custom, policy, failure to train, and failure to supervise. She never describes any custom or policy, or any history of widespread abuse. Nor does she make any attempt to specify the types of training that were absent, explain why such training was obviously necessary, or how the absence of such training caused her injuries. Such generalities do not suffice, and the Amended Complaint fails to state any claim against Sheriff Roundtree. See, e.g., Christmas v. Harris Cnty., Ga., 51 F.4th 1348, 1354–56 (11th Cir. 2022) (explaining contours of individual liability for sheriffs in § 1983 actions); Gibbons v. McBride, 124 F. Supp.3d 1342, 1365 (S.D. Ga. 2015) (explaining liability for failure to train requires decision not to train despite actual or constructive notice that particular omission in training program caused employees to violate constitutional rights).

Third, the failure to intervene claims fail because Plaintiff merely alleges the assaults occurred and officers failed to intervene. She makes no effort to describe the nature, context, location, duration, and intensity of the assaults, or even whether the assailant was armed. Nor does she state facts demonstrating officers were in a position to intervene without jeopardizing their own safety. These omissions clearly fail to state a claim for failure to intervene. See, e.g., Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (setting forth elements of failure to intervene claim).

Fourth, while Plaintiff makes the concerning allegation she was allowed to leave her solitary confinement cell only once for ten minutes, she never bothers to explain how much time

she actually spent in solitary confinement. Nor does she allege any wrongdoing by Defendants Fontenot and Myers, aside from them failing to explain why unspecified jail officials did not give her more breaks. She also fails to provide any information about the conditions of her solitary confinement, for example whether they were materially different from conditions in the rest of the jail, let alone an explanation as to why she was placed there. With these sparse facts, the Court cannot even begin to conduct the fact-specific analysis regarding a conditions of confinement claim. See Christmas v. Nabors, 76 F.4th 1320, 1331-32 (11th Cir. 2023) (requiring factual detail sufficient to satisfy objective and subjective inquiries with respect to pretrial detainee conditions of confinement claim); Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) ("Generally speaking, prison conditions rise to the level of [a Constitutional] violation only when they 'involve the wanton and unnecessary infliction of pain.'"); see also Iqbal, 556 U.S. at 678 (requiring factual content allowing court "to draw reasonable inference that the defendant is liable for the misconduct alleged" and rejecting "'naked assertion[s]' devoid of 'further factual enhancement'").

Fifth, as to Defendant Click, Plaintiff merely alleges he ignored her numerous requests to speak with him regarding unspecified topics, which obviously falls far short of a constitutional violation. Stated otherwise, mere rude behavior or verbal harassment is insufficient to state a constitutional claim. See Hernandez v. Florida Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (*per curiam*); Cuoco v. Moritsugu, 222 F.3d 99, 109 (2d Cir. 2000) (explaining rudeness and name-calling does not rise to level of constitutional violation); Cruz v. Haggert, No. 25-cv-00708, 2025 WL 2958989, at *3 (S.D. Ill. Oct. 20, 2025) ("While Defendants were rude and unprofessional to Plaintiff during their interactions, this type of conduct also does not give rise to a constitutional claim." (citation omitted)).

Finally, Plaintiff alleges Defendant Fontenot ignored Plaintiff's repeated requests for transport to the medical unit for treatment of a concussion and large lump on her head that she

suffered during an inmate assault. Plaintiff fails to allege when she suffered the injury, when she asked Defendant Fontenot for transport, and whether she suffered any injury as a result of the delay in medical treatment prior to her release from pretrial detention. For these reasons, she fails to state a claim for medical deliberate indifference. See, e.g., Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994) (describing elements of medical deliberate indifference claim based on delay in access to medical attention), abrogated in part on other grounds by Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002).

### D.  Plaintiff Should Litigate Any Remaining State Law Claims in State Court

To the extent Plaintiff may have any viable state law claims, those should be dismissed without prejudice so that Plaintiff may pursue them, if she so chooses, in state court. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists. Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000). Here, without a federal claim, the Court concludes any potential state law claims should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant

state claims as well. . . . [I]t usually should do so without prejudice as to refiling in state court.").

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of January, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA